Bruce HEAFITZ, Plaintiff,

v.

INTERFIRST BANK OF DALLAS and Republic National Bank of Dallas, appearing as Federal Deposit Insurance Corporation as receiver for their successor, First Republicbank Dallas, N.A., Defendants.

No. 88 Civ. 7244 (PKL).

United States District Court,
S.D. New York.

April 11, 1989.

Kornstein Veisz & Wexler, New York City (Marvin Wexler, of counsel), for plaintiff.

Kaye, Scholer, Fierman, Hays & Handler, New York City (Barry Willner, Laura A. Cecere, of counsel), for defendants.

## OPINION AND ORDER

LEISURE, District Judge:

This is an action by a joint venturer for alleged tortious interference. Plaintiff Bruce Heafitz ("Heafitz") entered a joint venture with four other individuals. The purpose of that venture was to acquire, develop and exploit certain oil and gas properties. Plaintiff alleges that InterFirst Bank of Dallas and Republic National Bank of Dallas (collectively "defendant banks") induced his co-venturers to breach their fiduciary duties to the joint venture, and that those breaches caused him injury. He seeks damages and equitable relief.

Since the action was initially brought in the New York State Supreme Court, New York County, the named defendant banks merged to form First RepublicBank Dallas, N.A. ("First RepublicBank"). First RepublicBank subsequently failed, and the Federal Deposit Insurance Corporation ("FDIC") was appointed receiver. The FDIC removed the action to federal court under 12 U.S.C. § 1819 and 28 U.S.C. § 1446.

The action is presently before the Court on plaintiff's motion to remand the action back to state court. Plaintiff argues three distinct reasons why removal here was improper: 1) the federal court has no subject matter jurisdiction, 2) defendants did not remove the case to federal court within the thirty day period for removal provided by 28 U.S.C. § 1446(b), and 3) defendants waived their right to remove by making dispositive motions in state court prior to removal to federal court. As indicated below, the Court agrees that defendants waived their right to remove, and grants the plaintiff's motion for remand.

## BACKGROUND

Plaintiff Heafitz, a New York resident, commenced this action on May 1, 1987 in State Supreme Court, New York County. The original complaint asserted state law claims against defendant banks. Heafitz alleged that in spring of 1981, the banks tortiously interfered with the planned gas and oil joint venture noted above. Amended Complaint, at ¶ 5–12, attached as Exhibit D to Affidavit of Marvin Wexler, Esq., sworn to on December 1, 1988 ("Wexler Affidavit").

On June 6, 1987, the defendant banks merged to form First RepublicBank. Affidavit of Victoria Dancy, Esq., sworn to on September 28, 1988, ("Dancy Affidavit"), attached as Exhibit K to Wexler Affidavit, ¶ 3. On August 7, 1987, First RepublicBank responded to the Complaint by moving, under New York Civil Practice Law and Rules ("NYCPLR") §§ 3013, 3016 and 3024, for a more definite complaint, and, at the same time, informed the state court of the merger. Wexler Affidavit, Exhibit B, at 4. Argument on the motion was heard in State Supreme Court, New York County, and that court directed plaintiff to amend the complaint. See April 14, 1988 Order, attached as Exhibit C to Wexler Affidavit. Plaintiff served the Amended Complaint on May 4, 1988. First RepublicBank moved to dismiss that Amended Complaint, arguing that it failed to state a claim and was time barred. On July 11, 1988, plaintiff served papers in opposition to the motion to dismiss. Wexler Affidavit, Exhibit F.

At this point, on July 29, 1988, the United States Comptroller of the Currency closed First RepublicBank and appointed the FDIC to serve as receiver for it. Dancy Affidavit ¶ 4. The motion to dismiss was left pending before the state court. Pursuant to the receivership, on August 24, 1988, counsel for the defendant requested and received an adjournment. Wexler Affidavit, Exhibit H. Shortly thereafter plaintiff was informed that new counsel was taking over for the defendant bank/FDIC. On September 13, 1988, the new counsel requested another adjournment, to which plaintiff consented. Plaintiff alleges that the adjournment was agreed to because defendant FDIC claimed that it intended to respond to the initial motion to dismiss, as well as to "raise new grounds available to the FDIC." Wexler Affidavit, Exhibit J.

On September 28, 1988, the FDIC filed a supplemental motion to dismiss on such new grounds (the "supplemental motion"). Those new bases for dismissal were: 1) that 12 U.S.C. § 94 requires actions against

a national bank for which the FDIC has been appointed as receiver to be brought only in an appropriate court where the failed bank's principal place of business is located, in this case Texas, and 2) that the doctrine of *D'Oench, Duhme & Co., Inc. v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), which is codified as 12 U.S.C. § 1823(e), bars all of plaintiff's claims.[1] On October 12, 1988, plaintiff filed responding papers in opposition to the supplemental motion to dismiss. These motions to dismiss were scheduled to be heard in State Supreme Court on October 17, 1988.

On October 13, 1988 defendant FDIC removed the case to federal court.

## DISCUSSION

### A. *Subject Matter Jurisdiction*

 The Removal Petition states that removal is based on 12 U.S.C. § 1819 (Fourth), which reads in relevant part as follows:

> All suits of a civil nature at common law or in equity to which the [Federal Deposit Insurance] Corporation shall be a party shall be deemed to arise under the law of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and the Corporation may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court, for the division embracing the place where the same is pending by following any procedure for removal now or thereafter in effect, except that any such suit to which the Corporation is a party in its capacity as receiver of a State bank and which involves only the

rights or obligations of depositors, creditors, stockholders, of such state bank under state law shall not be deemed to arise under the laws of the United States.

This provision explicitly provides for federal question jurisdiction in this action. Section 1819 also authorizes the FDIC to remove any action to which it is a party when it is serving in its capacity as receiver for a national bank.

Plaintiff argues that the defendant bank which the FDIC took into receivership was an insolvent *state* bank. In apparent support of this allegation, plaintiff cites the Dancy Affidavit at ¶ 4. However, as defendant correctly points out, that affidavit explicitly states that "until it was closed, First RepublicBank was a national banking association organized under 12 U.S.C. § [21]".[2] Dancy Affidavit ¶ 6. Furthermore, "N.A." in the appellation First RepublicBank Dallas, N.A. is a common abbreviation among federally chartered banks for "National Association."

It is apparent that the FDIC is appearing as a receiver for a national bank. Consequently, this Court has subject matter jurisdiction pursuant to 12 U.S.C. § 1819, and removal was not improper because this Court lacked jurisdiction.

### B. *The Timeliness of Removal*

As noted above, the FDIC, as receiver for an insolvent national bank, has the right to remove any civil state action involving such a bank to federal court under 12 U.S.C. § 1819. The procedure for removal is embodied in 28 U.S.C. § 1446(b). Section 1446(b) provides:

---

1. *D'Oench* provides that federal law governs actions involving the FDIC. *See Riverside Park Realty, Co. v. FDIC,* 465 F.Supp. 305 (M.D.Tenn. 1978). Additionally, the *D'Oench* doctrine is an equitable estoppel doctrine which favors bank depositors over bank borrowers. As such, it limits certain borrower defenses to FDIC actions. The codification of *D'Oench* in 12 U.S.C. § 1823(e) explicitly applies to actions where the FDIC is appearing in its corporate capacity. Here the FDIC is appearing as receiver of the failed First RepublicBank. *See generally, FDIC v. McClanahan,* 795 F.2d 512, 514 (5th Cir.1986);

*FDIC v. Meo,* 505 F.2d 790 (9th Cir.1974). In any event, an estoppel defense based on either a common law or statutory *D'Oench* doctrine goes to the merits of the claims against the FDIC. *See* Part C, *infra.*

2. While the affidavit states 12 U.S.C. § "12", this is an apparent typographical error. Section 21 of Title 12 deals with the formation of national banking associations; 12 U.S.C. § 12 refers to the seal of the Comptroller of the Currency.

The petition for removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading.... If the case stated by the initial pleading is not removable, a petition for removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which has become removable.

■ The issue here is when the thirty day time period began to run. Plaintiff initially argues that the time period began to run in July, 1988, when the FDIC first had actual knowledge that the action was removable. Section 1446(b) expressly provides however, that only a written instrument can trigger the thirty day period. *See Riggs v. Continental Baking Co.,* 678 F.Supp. 236, 238 (N.D.Cal.1988); *Smith v. International Harvester Co.,* 621 F.Supp. 1005, 1007 (D.Nev.1985); *see also Interior Glass Services v. FDIC,* 691 F.Supp. 1255, 1257 (D.Alaska 1988) ("prior knowledge of a case in which [the FDIC] may or should become a party cannot suffice" to trigger the thirty day period). Knowledge in July, 1988 did not commence running of the thirty day period.

Plaintiff next argues that an August 24, 1988 letter to the state court from First RepublicBank's attorneys, noting that the FDIC had been appointed as a receiver, was the first "paper" from which it was ascertainable that the case was removable. *See* Wexler Affidavit, Exhibit H.

It was not until September 13, 1988, however, that defendant FDIC wrote to inform the state court that it had retained counsel to defend it as receiver for the failed bank, and that the FDIC was now the real party in interest. *See* Wexler Affidavit, Exhibit I. On September 28, 1988, the FDIC filed the supplemental motion to dismiss, which was the first pleading clearly indicating its appearance on behalf of First Republic-Bank.

■ The general rule is that the thirty day time period begins to run from the date the FDIC intervenes, or is substituted for a failed bank in an action.[3] *See FDIC v. Otero,* 598 F.2d 627, 633 n. 7 (1st Cir.1979); *Interior Glass Services v. FDIC,* 691 F.Supp. 1255, 1256–57 (D.Alaska 1988); *Structural Systems, Inc. v. Sulfaro,* 687 F.Supp. 22, 23 (D.Mass.1985). It is only where the FDIC has been vigorously involved in the action for a prolonged period of time before formally intervening that the thirty day period has been held to begin prior to intervention. *See FDIC v. Generes,* 650 F.Supp. 66, 68 (N.D.Ill.1986) (FDIC vigorously litigated the action for two years before requesting removal); *FDIC v. Brooks,* 652 F.Supp. 745, 746 (N.D. Tex.1985) (FDIC, as receiver, ignored written request from court to participate six months before requesting removal).

The FDIC was not represented as a party to this action at the time of the August 24, 1988 writing, and could not have removed *prior* to appearing in the action. *See FDIC v. Otero,* 598 F.2d 627, 633 n. 7 (1st Cir.1979) (court rejected appellant's claim that the removal petition was untimely under 28 U.S.C. § 1446(b), holding that "[a]lthough appellees had notice of the assignment of the notes to the FDIC in November, 1977, the case was not 'removable' ... until the FDIC actually intervened in February, 1978").

■ Thus, the thirty days began to run, at the earliest, from the time the FDIC retained counsel and entered into the action on September 13, 1988. Since the removal

**3.** Even if the FDIC has not formally "intervened" in a case, it may nevertheless remove to federal court. "While formal intervention or substitution of the FDIC prior to the petition for removal is desirable, it is not necessary to support jurisdiction under 12 U.S.C. § 1819 (Fourth)." *Farina v. Mission Investment Trust,* 615 F.2d 1068, 1075 (5th Cir.1980); *Structural Systems v. Sulfaro,* 687 F.Supp. 22, 23 (D.Mass.

1988). As defendant points out, it would be senseless to remand a case back to state court in order to have the FDIC formally substituted as defendant, only to have the case again removed to federal court. *Yankee Bank for Finance & Sav., FSB v. Hanover Square Associates–One Ltd. Partnership,* 693 F.Supp. 1400, 1410 (N.D.N.Y. 1988).

petition was filed on October 13, 1988, it was within a thirty day period beginning September 13, 1988, and the defendant's removal was timely. *See* Fed.R.Civ.P. 6(a).

## C. *Election to Litigate in State Court*

Despite the fact that this Court has subject matter jurisdiction, and that defendant's petition for removal was filed within the thirty day period, removal might still be improper if defendant manifested an intent to litigate in state court, and thereby waived its right to remove.

When the FDIC entered this action, on September 13, 1988, there was a motion to dismiss pending in state court. The new counsel for the FDIC requested an adjournment in order "to amend the previously filed Motion to Dismiss to add new grounds for dismissal now available due to the FDIC's presence in the suit and to fully brief these grounds for the Court." Wexler Affidavit, Exhibit J.

Defendant argues that "[t]he FDIC filed its reply brief on September 28 because it was required to do so, not because it intended to waive its right to remove the case to federal court." Memorandum of Law in Opposition to the Plaintiff's Motion for Remand ("Memorandum in Opposition"), at 15. In support of this argument, defendant cites two cases, *Bedell v. H.R.C. Ltd.*, 522 F.Supp. 732 (E.D.Ky.1981) and *Beasley v. Union Pacific R. Co.*, 497 F.Supp. 213 (D.Neb.1980). Neither case supports the FDIC's position. In both of those cases, the defendant was held not to have waived its right to remove when it took necessary defensive action in state court to avoid the consequences of an *ex parte* temporary restraining order.

■ The defendants in *Bedell* and *Beasley*, unlike the FDIC here, were not requesting any final determination upon the ultimate merits of the controversy. In those cases the motions would have resulted only in the elimination of the interlocutory restraint, while leaving the basic issues pending for ultimate determination after trial. Although the defendants raised certain issues in support of summary judgment, they were merely doing what the

circumstances required in order to resist a temporary restraining order. *See also Baker v. National Boulevard Bank of Chicago*, 399 F.Supp. 1021 (N.D.Ill.1975) (removal not waived where defendant intervened in state court and contested preliminary injunction); *Markantonatos v. Maryland Drydock Co.*, 110 F.Supp. 862 (S.D.N.Y.1953) (removal not waived where appearance and answer filed and notice to examine plaintiff served). Although waiver will not occur by *defensive* action in state court, not every action by a defendant is "defensive".

The basic inquiry involves the *nature* of the action taken in state court before the removal petition is filed. As the court stated in *Bolivar Sand Co., Inc. v. Allied Equipment, Inc.*, 631 F.Supp. 171, 173 (W.D.Tenn.1986):

> If the motion is made only to preserve the *status quo ante* and not to dispose of the matter on its merits, it is clear that no waiver has occurred. On the other hand, if a motion seeks a disposition, in whole or in part, of the action on its merits, the defendant may not attempt to invoke the right to remove after losing on the motion.

*See also O.G. Orr & Co. v. Fireman's Fund Ins. Co.*, 36 F.2d 378 (S.D.N.Y.1929); *Vendetti v. Schuster*, 242 F.Supp. 746 (W.D.Pa.1965); *Southwest Truck Body v. Collins*, 291 F.Supp. 658 (W.D.Mo.1968); *In re 73rd Precinct Station House, Borough of Brooklyn*, 329 F.Supp. 1175 (E.D.N.Y.1971). Although the state court here did not have the opportunity to rule on the dispositive motion, it is hard to imagine what additional action the FDIC *could* have taken in state court to seek a disposition.

■ In the case at bar, defendant FDIC, before seeking removal, voluntarily stepped into state court on September 13, 1988 and took affirmative action to submit issues for determination by the state court. The FDIC was actively seeking a decision on the merits, which would have resulted in dismissal of the action. Specifically, the FDIC argued that 12 U.S.C. § 94 required the action to be brought in a federal, state

or local court in the state where the failed bank's principal place of business was located, and consequently "[t]he [state] Court is required by § 94, therefore, to dismiss the plaintiff's action." Wexler Affidavit, Exhibit K, at p. 3.

Additionally, the FDIC argued that the greater protections afforded to the FDIC under the equitable *D'Oench* doctrine "precludes the plaintiff's entire action here." *Id.* The assertion of the *D'Oench* doctrine was unquestionably an attack on the merits of Heafitz's claim, and a direct challenge to the legal sufficiency of plaintiff's action in the state court.

Plaintiff responded to that supplemental motion, and only *then* did defendant remove the action. Although defendant points out that there was initially a limited amount of time in which the FDIC had to act, the FDIC could have easily filed for removal and made its supplemental motion to the federal court. The sophistication of the grounds for dismissal asserted by the FDIC in the state court clearly indicates that removal and federal jurisdiction were, or could have been, contemplated prior to filing of the supplemental motion. The filing of the motion unequivocally indicated an intent to litigate the matter in state court.

## CONCLUSION

The FDIC elected to litigate in state court, thereby waiving its right to remove the action. Plaintiff's motion for remand to Supreme Court, New York County, is granted.

SO ORDERED.