**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for First American Bank and Trust, Plaintiff,**

v.

**S & I 85–1, LTD., a Florida limited partnership; Darryl B. Mall, individually and as general partner of S & I 85–1, Ltd.; Willis B. Mall, individually and as general partner of S & I 85–1, Ltd.; P. Darlene Mall; Phyllis V. Mall; City of Lake Worth, Florida, Defendants.**

No. 92–8221–CIV.

United States District Court, S.D. Florida, N.D.

Sept. 16, 1992.

Denise L. Brown, Orlando, Fla., Traci Rollins, Gunster, Yoakley & Stewart, P.A., West Palm Beach, Fla., for FDIC.

Richard T. Stierer, Richard T. Stierer, P.A., West Palm Beach, Fla., Allan Fallik, Lake Worth, Fla., for City of Lake Worth.

## AMENDED ORDER

ZLOCH, District Judge.

THIS MATTER is before the Court upon Counter–Defendant, Federal Deposit Insurance Corporation's, Motion For Reconsideration And Clarification Of Final Order Of Remand (DE 11). The Court has carefully considered the merits of said Motion and the entire court record in this matter.

A brief recitation of the procedural posture of the above-styled cause is necessary. On or about December 23, 1991, the Federal Deposit Insurance Corporation, (hereinafter "FDIC"), as Receiver for First American Bank and Trust, instituted an action against S & I 85–1, Ltd., et al. in the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, Case No. CL 91–14590 AI.

On or about March 13, 1992, Defendants collectively filed two (2) counterclaims against FDIC in the aforementioned underlying state court action. As a result of said counterclaims, FDIC, as Plaintiff/Counter–Defendant, petitioned this Court for removal (DE 2). Subsequently, this Court remanded the above-styled cause on the grounds that removal under the circumstances was improper.

At the outset, this Court notes that as a general matter, a court does not have the power to reconsider orders of remand. Once a court remands a case it loses any jurisdiction over the cause and jurisdiction revests in the state court. 14A C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure: Jurisdiction*, § 3739 (1985). In addition, this Court must strictly construe the complex removal procedures as removal is in derogation of state

court jurisdiction. *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).

■ Plaintiff, FDIC, seeks this Court to reconsider its Final Order Of Remand (DE 10). Essentially, Plaintiff, FDIC, argues that its right to remove under 12 U.S.C. § 1819(b)(2)(B) became activated upon the assertion of two (2) counterclaims.

In support of its position, FDIC cites three (3) United States District Court holdings, which are non-binding on this Court, but which nonetheless found that the FDIC, as Plaintiff, could remove to Federal Court upon the filing of a counterclaim. *See Federal Deposit Insurance Corp. v. First Mortgage Investors,* 459 F.Supp. 880 (E.D.Wis.1978); *Resolution Trust Corp. v. Sloan,* 775 F.Supp. 326 (E.D.Ark.1991); *Yankee Bank for Finance & Savings, FSB v. Hanover Square Assoc.–One Ltd. Partnership,* 693 F.Supp. 1400 (N.D.N.Y. 1988).

These cases cite FDIC's congressionally authorized, broad statutory access to Federal Court, as well as policy considerations to support their holdings that the filing of a counterclaim triggers FDIC's right to remove. In *Sloan,* for example, the District Court for the Eastern District of Arkansas reasoned that a contrary holding would compel the FDIC to file all "cases originally in Federal Court to preserve its access to a Federal forum, just in case a later counterclaim was filed requiring the application of federal law." *Sloan,* 775 F.Supp. at 335.

This Court recognizes the FDIC's broad, plenary access to the Federal Courts. 12 U.S.C. § 1819(b)(2)(A) provides in pertinent part:

Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States.

Furthermore, the Eleventh Circuit interprets this section to create a rebuttable presumption of federal jurisdiction. *Lazuka v. Federal Deposit Ins. Corp.,* 931 F.2d 1530, 1535 (11th Cir.1991).

In *Lazuka,* the Eleventh Circuit recognized FDIC's broad statutory access to the Federal Courts, but also held the FDIC subject to the constraints imposed through the general removal statute at 28 U.S.C. § 1446(b). The Eleventh Circuit stated in relevant part:

[W]e find that the new [removal] provisions evidence Congress's intent that the FDIC adhere in most respects to general removal procedure.... Accordingly, the FDIC is subject to the general removal statute.

*Lazuka,* 931 F.2d at 1536.

The general removal statute, 28 U.S.C. § 1441, specifically authorizes only defendant(s) the right to remove an action from state to federal court. 28 U.S.C. § 1441(a) states:

Except as otherwise expressly provided by an Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant* or the *defendants* to the district court of the United States.... (Emphasis added)

In *Shamrock Oil Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), the Supreme Court of the United States narrowly interpreted the language used in the Removal Act of 1887, Jud.Code § 28, which parallels the general removal statute at issue in the case at bar. Deferring to the plain meaning of the statute, the Court held that since the Removal Act only provided defendants the right to remove, it would not extend said right to counter-defendants. Adhering to the principle of separation of powers, the Supreme Court stated:

If ... Congress ... intended ... the right of a plaintiff, in any case or to any extent, to remove the cause upon the filing of a counterclaim praying an affirmative judgment against him, we can hardly suppose that it would have failed to use some appropriate language to express that intention.

*Shamrock,* 313 U.S. at 107, 61 S.Ct. at 872.

Several other courts have further illuminated the proposition that only defendant(s)

may remove. The Fifth Circuit, in *Rath Packing Co. v. Becker*, 530 F.2d 1295, 1303 (9th Cir.1975), which is binding on this Court, stated unequivocally that "[r]emovability cannot be created by defendant pleading a counterclaim presenting a federal question under 28 U.S.C. § 1331." *See also Alabama Dept. of Env. Mgmt. v. Southern Clay & Energy*, 737 F.Supp. 80, 81 (N.D.Ala.1990). In addition, the Southern District of Texas recognized that while a few cases support the proposition that a plaintiff/counter-defendant may remove an action to Federal Court, it dismissed their holdings by correctly noting "the well-established rule is that the plaintiff, who chose the forum, is bound by that choice, and may not remove the case." *Scott v. Communication Services, Inc.*, 762 F.Supp. 147, 150 (S.D.Tex.1991).

As stated previously herein, 28 U.S.C. § 1441(a) expressly provides Congress the ability to modify general removal procedures through statutory enactment. In fact, the Financial Institutions Reform, Recovery And Enforcement Act of 1989 (hereinafter "FIRREA"), the statute upon which Plaintiff, FDIC, relies, is illustrative of Congress' expansion of the general removal statute of 28 U.S.C. § 1441.

12 U.S.C. § 1819(b)(2)(B) authorizes the FDIC to remove an action "before the end of the ninety-day period beginning on the date the action, suit, or proceeding *is filed against the corporation or the corporation is substituted as a party.*" (Emphasis added).

The plain meaning of 12 U.S.C. § 1819(b)(2)(B) affords FDIC the power to remove an action asserted against it, measured from the commencement of the suit or its substitution as a party. Hence, Congress has expressly authorized the FDIC, as Plaintiff, to remove an action only if it is substituted as a plaintiff and then it must do so within ninety days from the date of said substitution.

In this case, pursuant to Congress' explicit intent to provide FDIC broad access to the Federal Courts through 12 U.S.C. § 1819(b)(2)(A), the FDIC could have commenced the above-styled cause in Federal Court. For whatever reasons, it chose not to do so and instead instituted suit in state court. Here, the FDIC is not deemed a defendant within the context of removal, as defined and interpreted by the Supreme Court of the United States, and other precedents binding on this Court. Consequently, this Court finds FDIC's arguments unpersuasive and will not reconsider its prior Order (DE 10).

■ Plaintiff, FDIC, attempts to supplement its position by contending Defendants' counterclaims are exclusively within this Court's jurisdiction, thus requiring removal. Assuming arguendo that FDIC's assertion is factually correct, the counterclaims can only be adjudicated in Federal Court, its proposed remedy of removal by a Plaintiff is legally incorrect.

In *Lambert Run Coal Co. v. Baltimore & Ohio R.R.*, 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922), the Supreme Court held that removal is permitted only if the state court properly had jurisdiction of the underlying case. This doctrine, known as derivative jurisdiction, has been abolished by Congress. *See* 28 U.S.C. § 1441(e). *See also Nordlicht v. New York Telephone Co.*, 799 F.2d 859, 863 (2d Cir.1986), *cert. denied*, 479 U.S. 1055, 107 S.Ct. 929, 93 L.Ed.2d 981 (1987); *Bradshaw v. General Motors Corp., Fisher Body Division*, 805 F.2d 110, 112 (3d Cir.1986); *Department of Revenue of the State of Iowa v. Investment Finance Management Co.*, 831 F.2d 790, 791–792 (8th Cir.1987) *cert. denied*, 485 U.S. 1021, 108 S.Ct. 1575, 99 L.Ed.2d 890 (1988).

28 U.S.C. § 1441(e), as amended June 19, 1986, provides in pertinent part:

> The Court to which such civil action is removed is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim.

Despite the fact that the derivative jurisdiction doctrine is now rendered obsolete for all actions commenced post-June 19, 1986, this Court still holds removal is improper in this case.

28 U.S.C. § 1441(e) simply means that a cause may be removed from state to Federal Court despite the state court's lack of subject matter jurisdiction. This statute, however, does not modify long-standing, pre-existing statutory interpretation of the general removal statute to afford plaintiff/counter-defendant the opportunity to remove an action. Case law, to which this Court is bound, avails the right to remove only to defendants.

## CONCLUSION

The few cases cited by Plaintiff, FDIC, which stand for the proposition that the FDIC can remove a state court action to Federal Court upon the filing of a counterclaim may be premised upon sound policy considerations. However, such holdings raise jurisprudential concerns. FDIC's argument that a contrary holding which prevents the FDIC, as Plaintiff/Counter–Defendant, from removing to Federal Court will compel the FDIC to file all actions originally in Federal Court, thereby burdening an already backlogged Federal Judiciary, may have some merit.

However, the general removal statute and FIRREA do not incorporate "an interest of justice" or "as public policy dictates" rationale into removal analysis. This Court will not extrapolate and inject such discretionary language into statutory removal especially when removal is required to be strictly construed.

Despite the seeming appeal propounded by FDIC's policy considerations, the proper forum for contemplation and debate is the legislature and not this Court. Despite prompting by the FDIC, this Court will not usurp the function of Congress through legislative fiat; especially, when said holding is contrary to long-standing statutory interpretation and case law.

Congress, pursuant to 12 U.S.C. § 1819(b)(2)(A) avails the FDIC broad access to the Federal Courts. FIRREA expanded the general removal statute, 28 U.S.C. § 1441(a), by empowering the FDIC to remove an action within ninety (90) days after said action is commenced against it *or* it is substituted as a party. Therefore, it stands to reason if Congress sought to further expand FDIC's right to remove, to include its right to remove as an original party plaintiff pursuant to a counterclaim, it would have done so.

The Eleventh Circuit, while recognizing FDIC's presumption of federal jurisdiction, does not interpret FIRREA to give the FDIC carte blanche access to Federal Court. Instead, absent a statutory mandate dictating otherwise, the Eleventh Circuit requires the FDIC to comply with the general removal statute. The Supreme Court has interpreted the general removal statute narrowly and has held that only party defendants may remove to Federal Court. Consequently, this Court deems removal improper.

Accordingly, after due consideration, it is

ORDERED AND ADJUDGED that Plaintiff/Counter–Defendant, Federal Deposit Insurance Corporation's, as Receiver for First American Bank and Trust Motion For Reconsideration And Clarification Of Final Order Of Remand (DE 11) be and the same is hereby DENIED.

DONE AND ORDERED.