Matter of Deanna M.A. **STELMACH**
and
**Larry Stanley Stelmach**
**and in the Interest of Scott William Stelmach and Michael T. Stelmach, Minor Children.**

Civ. A. No. H–92–3231.

United States District Court,
S.D. Texas,
Houston Division.

Feb. 1, 1993.

---

Brigid A. Lane, Brill, Sinex & Stephenson, Houston, TX, for RTC.

Wanda McKee Fowler, Fouts & Moore, Houston, TX, for Barbara Runge.

Ronald L. Marsh, Baytown, TX, for defendants.

## ORDER

HITTNER, District Judge.

Pending before this Court are a motion to remand filed by Barbara K. Runge ("Runge"), as Receiver for property located at 27155 Afton Way, Huffman, Harris County, Texas, and a motion for severance filed by the Resolution Trust Corporation ("RTC"), as Receiver for Statesman Federal Savings Bank ("Statesman") f/k/a Perpetual Savings and Loan Association, Waterloo, Iowa. Also pending before the Court is a motion to strike post-hearing submissions filed by the RTC. The Court has considered the motions, the submissions of the parties, the applicable law, and the argument of counsel in open court on December 23, 1992.

Deanna M.A. Stelmach filed this divorce proceeding on August 2, 1989. The primary asset of the Stelmachs' marital estate is property located at 27155 Afton Way, Huffman, Harris County, Texas, ("the property"). On March 1, 1991, the RTC became the current owner and holder of the Note and Deed of Trust for the property when it was appointed receiver for Statesman. The RTC, through its servicing agent, sent notice of its intent to foreclose on the property on July 7, 1992. The foreclosure sale did not proceed as scheduled because on July 1, 1992, The Honorable John Montgomery, judge of the 309th Judicial District of Harris County, Texas, appointed Runge as receiver to "take charge" of the property, insure and maintain it, collect rents due, and eventually sell the property. As of September 1992, however, eleven mortgage payments had not been made and insurance on the property had lapsed. On October 19, 1992, the RTC formally intervened in the state family court action and removed the case to this Court.

■ In the instant motion to remand, Runge claims that the RTC failed to timely remove this action. *See* 12 U.S.C. § 1441a (West Supp.1992). The RTC's time for removal generally begins to run from the date that it intervenes in an action or is substituted for failed bank already a party to an action. *See Heafitz v. Interfirst Bank of Dallas,* 711 F.Supp. 92, 95 (S.D.N.Y.1989). In certain circumstances, the time for removal may begin to run before the RTC intervenes. *See, e.g., RTC v. Filippone,* 745 F.Supp. 404, 405–6 (E.D.Tex.1990); *Heafitz,* 711 F.Supp. at 95. In this matter, the RTC removed immediately after formally intervening as a party. Runge asserts, however, that the 90–day time period had already expired because the RTC has allegedly "participated" in the case since July 1992. Motion to Remand at 1. While the RTC's servicing agent, Holland Mortgage Corporation ("Holland"), did participate in the litigation, the Court finds little evidence that Holland consulted with the RTC about the status of the family court case. *See* Response in Opposition to Motion to Remand. The Court therefore finds that the time for removal began to run when the RTC intervened as a party.

■ While the Court finds no defect in removal procedure, remand of the state law claims may be appropriate pursuant to 28 U.S.C. § 1441(c). Under section 1441(c), when a "separate and independent" federal[1] claim is joined with "otherwise nonremovable claims," the defendant may remove the entire case, and the district court may remand "all matters in which State law predominates." 28 U.S.C. § 1441(c) (West Supp.1992). The Court must initially determine whether the RTC's claim in intervention is separate and independent

---

1. The statute specifically reads, "a separate and independent claim ... within the jurisdiction conferred by section 1331 of this title...." The reference to section 1331, however, is apparently intended as shorthand for all federal question statutes. *See* Siegel, Commentary on 1990 Revision of 28 U.S.C. § 1441(c) (West Supp.1992). Thus, the Court determines that section 1441(c) applies, despite the fact that 12 U.S.C. § 1441a conferred federal jurisdiction on the RTC's claim.

from the other claims pending in the divorce case. *See Anderson v. Transamerica Specialty Ins. Co.*, 804 F.Supp. 903, 905 (S.D.Tex.1992); *Texas Hosp. Ass'n v. National Heritage Ins. Co.*, 802 F.Supp. 1507, 1510 (W.D.Tex.1992). The Court has original jurisdiction over any claim to which the RTC is a party. 12 U.S.C. § 1441a (West Supp.1992). In this case, the RTC's claim in intervention concerns its first lien on the property, which is the main asset of the marital estate. The RTC is not a party to the other claims pending in the divorce case, which pertain to custody of the Stelmachs' children and division of marital property other than the property at issue here. The Court determines that the RTC's claim in intervention is separate and independent for purposes of section 1441(c).

Once the Court finds that section 1441(c) applies, the Court may remand all claims in which state law predominates. *Neal v. Fairman*, No. 92–C–6785, 1992 WL 370454, at \*1, 1992 U.S.Dist.LEXIS 18540, at \*3–4 (N.D.Ill. Dec. 1, 1992). In this case, the state claims fall within the domestic relations exception to federal jurisdiction. *See Ankenbrandt v. Richards*, — U.S. —, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992). Further, the federal claim in intervention is "only an incident or adjunct" of the state claims, while the state claims are the "crux of the action." Siegel, Commentary on 1990 Revision of 28 U.S.C. § 1441(c) (West Supp.1992). Thus, the Court, in its discretion, finds that all state law claims in this action should be remanded.

Based on the foregoing, the Court

ORDERS the following:

1. Runge's motion to remand (Document # 3) and RTC's motion for severance (Document # 7) are GRANTED IN PART. The Court remands all claims with the exception of the RTC's claim in intervention to the 309th Judicial District of Harris County, Texas.

2. The RTC's motion to strike post-hearing submissions (Document # 10) is DENIED.