## THE FEDERAL DEPOSIT INSURANCE CORP. as Receiver of Bank Meridian, N.A.

v.

## GREENHOUSE REALTY ASSOCIATES, et al.

### Civil No. 93–239–JD.

United States District Court, D. New Hampshire.

Aug. 24, 1993.

508

Thomas J. Donovan, Manchester, NH, for plaintiff.

Michael E. Chubrich, Portsmouth, NH, for defendant.

## ORDER

DiCLERICO, Chief Judge.

On December 2, 1992, plaintiff, the Federal Deposit Insurance Corporation as Receiver of Bank Meridian, N.A. ("FDIC"), commenced this action in Hillsborough County Superior Court to collect on a promissory note executed by defendants, Greenhouse Realty Associates, Limited Partnership; Peter Lukas; Charles Day ("Day"); Frank Brenton ("Brenton") and Luka's Greenhouse, Inc. The plaintiff alleges on March 25, 1991 the defendants executed and delivered to the plaintiff a promissory note in the amount of $1,970,000 plus interest. In connection with the note, the defendants executed certain mortgages and security agreements. The plaintiff alleges the defendants failed to make the payments when due. On September 25, 1992, the plaintiff notified the defendants they were in default under the terms of the note and demanded full payment. The plaintiff further alleges the defendants refused to make full payment after they were notified of the default. The defendants filed counterclaims against the FDIC on February 1, 1993 for breach of the covenant of good faith and statutory violations.

The Hillsborough County Superior Court granted plaintiff's petition to attach certain securities owned by the defendants and enjoined them from transferring or encumbering the securities. *FDIC v. Greenhouse Realty Assocs.*, No. 93–C–135, slip op. at 4 (Hills.Sup.Ct. Mar. 10, 1993). The Hillsborough County Superior Court granted the defendants' motion to transfer the action to the Rockingham County Superior Court. *FDIC*

*v. Greenhouse Realty Assocs.*, No. 93–C–135, slip op. at 3 (Hills.Sup.Ct. Mar. 10, 1993). The Rockingham County Superior Court denied the defendants' motion to reconsider the attachment order. *FDIC v. Greenhouse Realty Assocs.*, No. 93–C–401, slip op. (Rock. Sup.Ct. Apr. 1, 1993) (No. 93–C–135, Hillsborough County, renumbered No. 93–C–401, Rockingham County). The plaintiff alleges Brenton and Day own securities subject to the attachment order and have failed to surrender them.

On April 30, 1993, the plaintiff removed the action to this court pursuant to 12 U.S.C.A. § 1819 (West 1989 & Supp.1993). The defendants have moved to remand the action to Rockingham County Superior Court and the plaintiff has moved for an order holding the defendants in contempt for failure to surrender the securities. The court considers the defendants' motion to remand.

*Discussion*

In their motion to remand, the defendants claim the plaintiff's notice of removal was not timely filed and the plaintiff waived its right to remove the action by electing to litigate the action in state court. The plaintiff contends removal was timely because it had ninety days to remove the action pursuant to 12 U.S.C.A. § 1819(b)(2)(B) and it did not waive its right to remove the action.

Section 1819 of title 12 of the United Stated Code Annotated enumerates the Corporate powers of the FDIC. Section 1819(b)(2)(B) allows the FDIC to remove actions from state court to federal court. It provides in relevant part:

> The corporation may, without bond or security, remove any action, suit, or proceeding from a state court to the appropriate United States district court before the end of the 90–day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party.

12 U.S.C.A. § 1819(b)(2)(B). The FDIC's power under § 1819 to invoke federal jurisdiction and to remove an action from state court is substantial. *In re Meyerland Co.*, 960 F.2d 512, 515 (5th Cir.1992), *cert. de-*

*nied,* —— U.S. ——, 113 S.Ct. 967, 122 L.Ed.2d 123 (1993).

Before § 1819(b)(2)(B) was amended in 1991, it read in relevant part, "the corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court." 12 U.S.C.A. § 1819(b)(2)(B) (West 1989) (amended 1991). Although the general removal statute, 28 U.S.C.A. § 1441(a) (West Supp.1993), allows only defendants to remove, courts interpreting § 1819(b)(2)(B) before the 1991 amendment construed it to allow the FDIC to remove cases it originally chose to bring in state court. *Resolution Trust Corp. v. Sloan,* 775 F.Supp. 326, 334–35 (E.D.Ark.1991) (citing *FDIC v. Atlantic Org., Inc.,* 682 F.Supp. 5, 7–8 (D.P.R.1988); *Yankee Bank for Fin. & Sav., F.S.B. v. Hanover Square Assocs.-One Ltd. Partnership,* 693 F.Supp. 1400, 1411–12 (N.D.N.Y.1988); *FDIC v. Klayer,* 519 F.Supp. 889, 892 (E.D.Ky.1981)); *FDIC v. Julius Richman, Inc.,* 428 F.Supp. 593, 594 (E.D.N.Y.1977) (citing *In re Franklin Nat'l Bank Sec. Litig.,* 532 F.2d 842, 843 (2d Cir. 1976)). Since the 1991 amendment, however, few courts have considered whether the FDIC can remove an action it originally commences in state court.

The United States District Court for the District of Massachusetts considered the amended statute in a case in which the FDIC sought the abatement of taxes collected by the Massachusetts Commissioner of Revenue in state court and then removed the action to federal court. No counterclaims were brought against the FDIC. The court held removal was improper and remanded, concluding

> that the FDIC has another option to protect its interests—filing an original action in the United States district court—and that the added authority to remove a case the FDIC itself has filed, even when there has been no intervening change of circumstances such as the filing of a counterclaim raising a new issue, is not necessary to protection of the federal interest Congress has manifested.

*FDIC v. Massachusetts Comm'r of Revenue,* Nos. 92–11195–K to 92–11287–K, 1992 WL 249687, at *4 (D.Mass. Sept. 2, 1992).

In another case considering the amended statute, the United States District Court for the Southern District of Florida held the FDIC could not remove an action it originally filed in state court even where counterclaims had been filed against it. *FDIC v. S & I 85–1, Ltd.,* 804 F.Supp. 328, 332 (S.D.Fla. 1992). The court in *S & I 85–1* reasoned that because the FDIC is subject to the provisions of the general removal statute and 28 U.S.C.A. § 1441(a) does not allow plaintiffs to remove cases, the FDIC should not be allowed to remove an action it files in state court. *Id.* at 330–31.

■ While the FDIC has broad access to the federal courts under § 1819, it is generally subject to the constraints of the general removal statute. *See, e.g., Lazuka v. FDIC,* 931 F.2d 1530, 1536 (11th Cir.1991); *Woburn Five Cents Sav. Bank v. Robert M. Hicks, Inc.,* 930 F.2d 965, 968 (1st Cir.1991); *S & I 85–1,* 804 F.Supp. at 330; *FDIC v. Norwood,* 726 F.Supp. 1073, 1075 (S.D.Tex. 1989). However, "in case of an irreconcilable inconsistency between [statutes] the later and more specific statute usually controls the earlier and more general one." *Hellon & Assocs., Inc. v. Phoenix Resort Corp.,* 958 F.2d 295, 297 (9th Cir.1992). The court is of the opinion that where 12 U.S.C.A. § 1819 conflicts with the general removal statute, the provisions of the more specific statute, § 1819, should control removal procedure. The court notes § 1819 grants the FDIC procedural advantages not afforded other litigants under the general removal statute. *Meyerland,* 960 F.2d at 519. For example, § 1819 waives the posting of a bond or security to remove actions where under the general removal statute other litigants must post a bond or security with the notice of removal.[1]

■ Under the language of the statute, the FDIC can remove *"any action,* suit, or proceeding ... before the end of the 90–day period beginning on the date the action, suit, or proceeding is filed *against* the Corporation...." 12 U.S.C.A. § 1819(b)(2)(B) (emphasis added). In the instant action, the defendants have filed counterclaims against the FDIC for breach of the covenant of good faith and statutory violations. The court finds these counterclaims constitute an "action, suit, or proceeding" within the plain meaning of § 1819(b)(2)(B) and therefore the FDIC can remove the action provided the petition for removal was timely filed.

■ Under the general removal statute, 28 U.S.C.A. § 1446(b) (West Supp.1993), a defendant can remove an action by filing a notice of removal within thirty days from receipt of the initial pleading which puts the defendant on notice that the action is removable. Section 1819(b)(2)(B) modifies the general time for removal provision by allowing the FDIC to remove an action within ninety days from the time an action, suit, or proceeding is commenced against it.

The defendants claim the FDIC as the plaintiff only had thirty days after the defendants filed their counterclaim to remove the action, citing *Sloan,* 775 F.Supp. at 334–35 and *Atlantic Organization,* 682 F.Supp. at 8. The court notes these cases were decided before § 1819(b)(2)(B) was amended in 1991. The *Sloan* and *Atlantic Organization* courts applied the thirty-day removal period found in 28 U.S.C.A. § 1446 because the pre–1991 version of § 1819 did not contain a removal period. *See Hicks,* 930 F.2d at 968. Since § 1819 has been amended to include a specific removal period, the court believes the plain language of § 1819 should control removal by the FDIC.

In this action, the defendants filed counterclaims on February 1, 1993. The FDIC filed the notice of removal on April 30, 1993. Computing the time in accordance with Fed.

---

1. The FDIC has procedural advantages in other situations as well. For instance, the FDIC is allowed to raise special defenses for the first time on appeal. *See In re Meyerland Co.,* 960 F.2d 512, 519 (5th Cir.1992) (citing *FDIC v. Castle,* 781 F.2d 1101, 1106 (5th Cir.1986)), *cert. denied,* —— U.S. ——, 113 S.Ct. 967, 122 L.Ed.2d 123 (1993). Generally, defenses not asserted before an action reaches the appellate level are lost. *Id.* (citing *Hulsey v. State of Tex.,* 929 F.2d 168, 170 (5th Cir.1991)).

R.Civ.P. 6, the court finds the FDIC filed the notice of removal eighty-eight days after the defendants filed their counterclaims. Therefore, the court finds the notice of removal was timely filed.

The defendants argue even if the court finds the notice of removal was timely filed, the FDIC waived its right to remove by answering the counterclaims and asserting defenses to them. The defendants rely on *Heafitz v. Interfirst Bank of Dallas,* 711 F.Supp. 92, 97 (S.D.N.Y.1989), which found the FDIC, having been substituted as the defendant, waived its right to remove by amending a previously filed motion to dismiss to include the *D'Oench* doctrine as a defense. The *Heafitz* court found, however, a party does not waive its removal rights by taking "defensive" action in state court. *Id.* at 96. The *Heafitz* court cited *Markantonatos v. Maryland Drydock Co.,* 110 F.Supp. 862 (S.D.N.Y.1953), as an example of a case in which the party took defensive action by answering and did not waive its right to remove. *Heafitz,* 711 F.Supp. at 96. In *Heafitz,* "[t]he FDIC was actively seeking a decision on the merits, which would have resulted in dismissal of the action," by filing a motion to dismiss. *Id.* Conversely, in this action the FDIC answered the defendants' counterclaims and raised defenses to them. The court finds the FDIC's action in raising defenses to counterclaims is defensive action and the FDIC did not actively seek a decision on the merits. The court finds the FDIC did not waive its right to remove by answering the counterclaims and asserting defenses to them. The court denies the defendants' motion to remand this action to the superior court.

### Summary

For the foregoing reasons, the court denies the defendants' Motion to Remand (document no. 8).

SO ORDERED.