**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff–Appellant,**

v.

**S & I 85–1, LTD., a Florida Limited Partnership, Darryl B. Mall, individually and as general partner of S & I 85–1, Ltd., Willis B. Mall, individually and as general partner of S & I 85–1, Ltd., P. Darlene Mall, Phyllis V. Mall, City of Lake Worth, Florida, Defendants–Appellees.**

No.  92–4943.

United States Court of Appeals, Eleventh Circuit.

June 14, 1994.

John P. Cole, West Palm Beach, FL, Denise L. Brown, co-counsel, Orlando, FL, Daniel H. Kurtenbach, Washington, DC, for appellant.

Richard T. Stierer, Colin M. Cameron, West Palm Beach, FL, for appellees.

Before COX and CARNES, Circuit Judges, and WOOD *, Senior Circuit Judge.

COX, Circuit Judge:

We address the issue of whether the Federal Deposit Insurance Corporation ("FDIC"), having brought an action as plaintiff in state court, may subsequently remove that action to federal court when counterclaims are filed against it. We conclude that FDIC may remove such an action pursuant to 12 U.S.C. § 1819(b)(2)(B).

## I. BACKGROUND

On December 23, 1991, FDIC, as Receiver for First American Bank and Trust, initiated an action in state court against S & I 85–1, Ltd., a Florida limited partnership, and Darryl B. Mall and Willis B. Mall as general partners of S & I 85–1, Ltd. (collectively "Borrowers"); Darryl B. Mall, Willis B. Mall, P. Darlene Mall and Phyllis V. Mall, individually (collectively "Guarantors"); and a potential lienor, for enforcement of a promissory note and foreclosure of a mortgage. (App. to Appellees' Br. at 1). On March 13, 1992, Borrowers and Guarantors (collectively "Defendants") counterclaimed against FDIC seeking specific performance of an alleged agreement for renewal of the note and mortgage, damages for breach of that alleged agreement, and damages for malicious prosecution of the foreclosure action. (R.1–3 at Ex. 1, 2). On April 13, 1992, based on those counterclaims, FDIC sought to remove the action to federal court pursuant to 12 U.S.C. § 1819(b)(2)(B). (R.1–2). Defendants filed a motion to remand to state court. (R.1–8). The district court remanded the action, concluding that removal under 12 U.S.C. § 1819(b)(2)(B) was improper. (R.1–10 at 3). In so ordering, the district court held that "the plain meaning of 12 U.S.C. § 1819(b)(2)(B) does not provide for removal when the Federal Deposit Insurance Corporation commenced the underlying State court action." (*Id.* at 2).

Thereafter, FDIC filed a motion for reconsideration and clarification. (R.1–11). The district court recognized "that as a general matter, a court does not have the power to reconsider orders of remand." (R.1–16 at 2).[1] Nonetheless, the district court went on to reject FDIC's contention that the filing of a counterclaim triggers FDIC's right to remove an action under § 1819 where FDIC initiated the action in state court. (*Id.* 7–9). In denying FDIC's motion for reconsideration, the district court concluded that "[t]he plain meaning of 12 U.S.C. § 1819(b)(2)(B) affords FDIC the power to remove an action asserted against it, measured from the commencement of the suit or its substitution as a party. Hence, Congress has expressly authorized the FDIC, as Plaintiff, to remove an action only if it is substituted as a plaintiff and then it must do so within ninety days from the date of said substitution." (*Id.* at 5–6). This appeal follows.

## II. STANDARD OF REVIEW

■ We review a district court's interpretation and application of a statute de novo. *Int'l Union, UMW v. Jim Walter Resources, Inc.*, 6 F.3d 722, 724 (11th Cir.1993).

## III. ISSUES ON APPEAL & CONTENTIONS OF THE PARTIES

FDIC argues that the liberal removal rights granted to it by Congress in 12 U.S.C. § 1819(b)(2)(B) extend to an action in which FDIC is the original plaintiff in state court,

---

* Honorable Harlington Wood, Jr., Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

1. The district court's amended order is published at *FDIC v. S & I 85–1, Ltd.*, 804 F.Supp. 328 (S.D.Fla.1992).

where FDIC is subsequently named as a defendant in a counterclaim, and thereafter seeks to remove the action to federal court, and that the district court erred in holding otherwise. Defendants counter that § 1819 provides a ninety-day period in which FDIC may seek removal, that the ninety-day period starts to run from the filing of the original complaint and not the filing of a counterclaim, that FDIC sought to remove the action more than ninety days after FDIC filed the original complaint, and therefore, FDIC's petition for removal was not timely.[2]

## IV. DISCUSSION

As a general rule, we do not review "[a]n order remanding a case to the State court from which it was removed." 28 U.S.C.A. § 1447(d) (West 1973). However, FDIC falls under an exception to that rule. FDIC "may appeal any order of remand entered by any United States district court." 12 U.S.C.A. § 1819(b)(2)(C) (West 1989).

■■■ FDIC is subject to the limits of the general removal statute, except as otherwise provided in 12 U.S.C. § 1819(b)(2)(B). *Lazuka v. FDIC,* 931 F.2d 1530, 1536 (11th Cir. 1991). 28 U.S.C.A. § 1441(a), the general removal statute, provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district

court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C.A. § 1441(a) (West Supp.1993). A counter-defendant is not a "defendant" within the meaning of the general removal statute. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). Therefore, under the general removal statute, FDIC could not remove an action from state to federal court as a plaintiff/counter-defendant. Our task, then, is to determine whether § 1819 enlarges FDIC's right of removal such that FDIC may remove an action from state to federal court as a plaintiff/counter-defendant.

FDIC's special removal statute reads:

> Except as provided in subparagraph (D),[3] the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90–day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party.

12 U.S.C.A. § 1819(b)(2)(B) (West Supp. 1994). Neither this circuit, nor any of our sister circuits, has addressed the question of whether FDIC may remove a case under § 1819 when a counterclaim is filed against it. Several district courts have addressed

---

**2.** Defendants raise several other issues on appeal. Defendants contend that FDIC impermissibly sought to remove only a portion of the action—the counterclaims. (Appellees' Br. at 11). The district court construed FDIC's petition as requesting the removal of the entire state court action to federal court. (R.1–10 at 1). As a consequence, we need not address the issue of whether it was permissible to remove less than the entire action in this case. Defendants also contend that whether any ambiguity exists as to whether FDIC may remove an action predicated upon the filing of a counterclaim is not at issue in this case. (Appellees' Br. at 22). We find that contention to be without merit. Finally, Defendants contend that only state law issues are implicated in this case such that removal under § 1819 was impermissible. (Appellees' Br. at 19). We find that contention to be meritless as well.

**3.** Section 1819(b)(2)(D) provides:
Except as provided in subparagraph (E), any action—
(i) to which the Corporation, in the Corporation's capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;
(ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and
(iii) in which only the interpretation of the law of such State is necessary,
(iii) in which only the interpretation of the law of such State is necessary,
shall not be deemed to arise under the laws of the United States.
12 U.S.C.A. § 1819(b)(2)(D) (West 1989).

the question and concluded that FDIC may remove an action from state to federal court when a counterclaim is filed against it. *FDIC v. Greenhouse Realty Assocs.*, 829 F.Supp. 507, 510 (D.N.H.1993) (construing § 1819, as amended in 1991, as allowing FDIC to remove an action when a counterclaim is filed against it); *Yankee Bank v. Hanover Square Assocs.*, 693 F.Supp. 1400, 1411 (N.D.N.Y.1988) (concluding that under § 1819 FDIC may remove an action upon the filing of counterclaims and that removal time limitations begin to run from the time the counterclaims are filed); *FDIC v. First Mortgage Investors*, 459 F.Supp. 880, 882 (E.D.Wis.1978) (holding that "FDIC can remove any action, whether it is a plaintiff or defendant," under § 1819). Additionally, the Seventh Circuit held that a parallel statute, 12 U.S.C. § 1730(k)(1), FSLIC's special removal statute, permitted FSLIC to remove an "independent" counterclaim filed against it. *FSLIC v. Quinn*, 419 F.2d 1014, 1018 n. 4, 1019 (7th Cir.1969).

This court's decision in *Lazuka* counsels that, unless § 1819 provides for a specific exception, general removal *procedure* applies to FDIC. *Lazuka*, 931 F.2d at 1536. *Lazuka* should not be read to mean that the general removal statute continues to define the scope of FDIC's removal rights. Section 1819 defines FDIC's removal rights. And in construing § 1819, we must begin "with the language of the statute itself." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). Except for the state law exception of § 1819(b)(2)(D), FDIC may "remove any action, suit, or proceeding" from state to federal court. 12 U.S.C.A. § 1819(b)(2)(B) (West Supp.1994). Conversely, the general removal statute provides that "any civil action . . . may be removed by the defendant or the defendants" from state to federal court. 28 U.S.C.A. § 1441(a) (West Supp.1993). The general removal statute expressly limits the power of removal to defendants. Section

1819 contains no such limitation. We "must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, ---- U.S. ----, ----, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992). We can only assume that if Congress had intended to limit FDIC's removal rights to cases in which FDIC is a defendant, it would have said so. *Id.*[4] Accordingly, we join our sister circuits that have concluded that FDIC may remove an action under § 1819 irrespective of its alignment as plaintiff or defendant. *See, e.g., Beighley v. FDIC*, 868 F.2d 776, 779 n. 6 (5th Cir.1989) (recognizing that § 1819 permits removal by FDIC "whether it is plaintiff or defendant in the lawsuit"); *FSLIC v. Frumenti Dev. Corp.*, 857 F.2d 665, 666–67 n. 1 (9th Cir.1988) (noting that FDIC may remove an action as plaintiff under § 1819); *In re Franklin Nat'l Bank*, 532 F.2d at 843 (holding that FDIC, pursuant to § 1819, may remove any action regardless of its alignment as plaintiff or defendant).

The district court concluded that FDIC may only remove an action as plaintiff when FDIC is substituted as a plaintiff in the action. The district court arrived at that conclusion based upon the second clause of § 1819(b)(2)(B) which reads: "before the end of the 90–day period beginning on the date the action, suit, or proceeding is filed against the Corporation *or the Corporation is substituted as a party.*" 12 U.S.C.A. § 1819(b)(2)(B) (West Supp.1994) (emphasis added). We find, however, that the second clause expands, rather than contracts, FDIC's special removal powers.

Prior to Congress' insertion of the second clause into § 1819, this court held that "the general removal time limit of thirty days remains applicable to the FDIC. . . . [and] that the date on which the limit begins to run, in cases in which the FDIC is appointed receiver . . . is the date of the FDIC's receipt of notice of its appointment as receiver." *Lazuka*, 931 F.2d at 1532. The second

4. We also note that prior to 1966, FDIC "could remove from state courts only under the limited power of removal afforded to defendants by the general removal statutes." *Franklin Nat'l Bank Sec. Litig. v. Andersen*, 532 F.2d 842, 845 (2d Cir.1976). "By making the power to remove specific in the FDIC statute and including within the power 'any such action, suit, or proceeding,' we must assume that Congress intended to accomplish something which it had not done with the words of the old statute." *Id.*

clause of § 1819 departs from *Lazuka* in two respects. First, it establishes a removal time period of ninety days—a clear departure from the thirty-day period of the general removal statute applied to FDIC in *Lazuka*. Second, it establishes the beginning date for the running of the ninety-day period—the date an action, suit, or proceeding is filed against FDIC or the date FDIC is substituted as a party, as opposed to the date FDIC is appointed receiver. Thus, the second clause in § 1819(b)(2)(B) establishes special removal procedures for FDIC and abrogates *Lazuka* to the extent it conflicts with those removal procedures. The second clause does not serve as a substantive limit on FDIC's power, as enumerated in clause one of § 1819(b)(2)(B), to "remove any action, suit, or proceeding." To the contrary, the second clause simply establishes the date any "action, suit, or proceeding is filed against" FDIC as an alternative date for the beginning of the ninety-day removal period.

■ Having concluded that FDIC may remove an action as plaintiff, we must determine when FDIC's removal rights accrued in this case and whether its petition for removal was timely. In their brief, Defendants contend that "[t]he instant case *was* removable from the outset." (Appellees' Br. at 17). Similarly, at oral argument, counsel for defendant contended that FDIC, having filed an action in state court, could remove the action to federal court so long as removal was sought within ninety days of the filing of the original state court action.[5]

While we agree that FDIC may remove as plaintiff, we find the remainder of Defendants' contention to be anomalous. We do not believe that § 1819 contemplates the removal of an action to federal court by FDIC where FDIC elected to bring the action in state court, unless a subsequent action, suit, or proceeding is filed against it. Having selected the forum, FDIC was bound by that decision until Defendants filed "any action,

suit, or proceeding" against it. The only express limit Congress has placed on the scope of FDIC's removal powers is the state law exception of § 1819(b)(2)(D). Section 1819 permits FDIC to remove "any action, suit, or proceeding" within ninety days of that "action, suit, or proceeding" being filed against it. We hold that the counterclaims filed by the Defendants constituted an "action, suit, or proceeding" within the meaning of the statute. We therefore conclude that the filing of those counterclaims triggered FDIC's removal rights.

Because we hold that FDIC's removal rights accrued upon the filing of the counterclaims, we find Defendants' contention regarding timeliness without merit. Under § 1819, FDIC may remove "any action, suit, or proceeding" within ninety days from the date "the action, suit, or proceeding"—the counterclaim—was filed against FDIC. On March 13, 1992, Defendants counterclaimed against FDIC. On April 13, 1992, FDIC petitioned to remove the action to federal court. FDIC sought removal well within § 1819's ninety-day window and its petition for removal was therefore timely.[6]

## V.  CONCLUSION

For the foregoing reasons we REVERSE the district court's order remanding the case to state court and REMAND for further proceedings.

**REVERSED and REMANDED.**

---

5. In support of that contention, Defendants rely on *FDIC v. Klayer*, 519 F.Supp. 889 (E.D.Ky. 1981) (concluding that under § 1819 the time limit for removal begins to run from the date FDIC files an action in state court, not the date counterclaims are filed against FDIC). We find *Klayer* to be unpersuasive.

6. Because FDIC sought removal well within the ninety-day period, we need not determine when an "action, suit, or proceeding" is "filed" within the meaning of § 1819.