**VALUE RECOVERY GROUP, INC., Plaintiff,**

v.

**Monzer HOURANI, Individually, d/b/a MEDISTAR, et al., Defendants.**

No. Civ.A. H–00–1847.

United States District Court, S.D. Texas, Houston Division.

Sept. 21, 2000.

See also: 20 S.W.3d 819.

Michael J Stanley, Beirne Maynard and Parsons, Houston, TX, for Value Recovery Group, plaintiff.

Scott Douglas Cunningham, Attorney at Law, Houston, TX, John Calrton Wynne, Andrews & Kurth, Houston, TX, for Monzer Hourani, Individually dba Medistar, defendant.

## MEMORANDUM AND ORDER

LAKE, District Judge.

Value Recovery Group, Inc. ("VRG") filed this action in the 165th Judicial District of Harris County, Texas, to enforce a judgment against Monzer Hourani, asserting causes of action pursuant to § 31.002 of the Texas Civil Practices and Remedies Code, §§ 24.005 and 24.006 of the Texas Business and Commerce Code (the Uniform Fraudulent Transfer Act), and 28 U.S.C. § 3301 *et seq.* (the Federal Fraudulent Transfer Act). *See* Plaintiff's First Amended Original Petition, Exhibit 1–B to Defendant's Notice of Removal (Docket Entry No. 1). VRG seeks to have all of the corporate defendants declared alter egos of Monzer Hourani and seeks declaratory relief regarding the disposition of assets held by defendants. All defendants except Monzer Hourani and Integrated Engineering & Construction, Inc.[1] ("Removing Defendants") removed the action to this court on June 1, 2000, on the basis of federal question jurisdiction under 28 U.S.C. § 1441(a). (Notice of Removal [Docket Entry No. 1] ) Pending before the court is the Motion of VRG to Remand (Docket Entry No. 19). For the reasons discussed below, Value Recovery Group's motion will be granted.

## I. *Background*

VRG alleges that Monzer Hourani defaulted on a guarantee of a note from Crossroads Park, Inc. to Commonwealth Mortgage Corp. *See* Plaintiff's First Amended Original Petition, p. 5, at Exhibit 1–B to Defendants' Notice of Removal (Docket Entry No. 1). When the institution that owned the mortgage, Commonwealth Savings Association, failed, the Resolution Trust Corporation (RTC) became the conservator of Commonwealth's assets, including Hourani's defaulted obligation. *See id.* The RTC obtained a $6.4 million judgment against Hourani in *Resolution Trust Corporation as Conservator for Commonwealth Savings Association by Federal Deposit Insurance Corporation as Manager for Conservator v. Monzer Hourani,* No. H–90–1483 (S.D.Tex. Oct. 30, 1990). The RTC filed an abstract of judgment in 1992, but collection attempts were unsuccessful. VRG purchased the right to enforce the judgment through an assignment of rights.[2] *See id.* VRG filed

1. The removing defendants are Medistar Corporation, Medistar L.A. Corporation, Medistar California Corporation, Medistar International Corporation, M.H. Blalock Corporation, Hourani International Corporation, Diana Elmas Holdings Inc., Elmas Investments Ltd., Amazon Holdings, L.C., American Hope, L.C., Lone Star Design International, Inc. d/b/a D.I. Group, Bellstar MOB Partners, Ltd., GNS I–10 of Texas, Ltd., GNS I–10 Corporation, CTI Construction Inc., Amvest Development Corporation, Inc., Diamony International, Inc., Foster & Forbes Corporation, I–7670 Suite 160 Corp., Kaslik Investments, L.C., Manfred Co., L.C., Baytown Remington, Inc., Medix Construction, Inc., Montana Ranch Corporation, Paladin Construction Company, Parsifal Corporation, Bellstar Corporation, Hope International Corporation, Pecan Development Corporation, Rose Hill Meadows Corporation, Fidinax, Inc., Bennington Holdings Corporation, BRPTC Management Corporation, Energy Building Systems, Inc., TEC Development Corporation, Diana Elmas, and Elie Hourani. Defendants' Notice of Removal (Docket Entry No. 1).

2. VRG estimates that the judgment, plus accrued post-judgment interest, is currently worth $11.25 million. *See* Plaintiff's First

suit in state court on April 30, 1999, against Monzer Hourani, several of his family members in Houston and Lebanon, and approximately 35 businesses, seeking to enforce its judgment. *See* Plaintiff's Original Petition, at Exhibit 1–A to Defendants' Notice of Removal (Docket Entry No. 1). The Removing Defendants counterclaimed in state court on June 14, 1999, alleging tortious interference with contracts and prospective business relationships, defamation and libel, business disparagement, and filing a fraudulent claim to real property. The Removing Defendants seek damages, sanctions, and declaratory relief. *See* Defendants' Original Answer, at Exhibit 1–C to Defendants' Notice of Removal (Docket Entry No. 1).

VRG's original petition contained only state law claims. *See* Plaintiff's Original Petition, at Exhibit 1–A to Defendants' Notice of Removal (Docket Entry No. 1). VRG filed a First Amended Petition adding a cause of action under the Federal Fraudulent Transfer Act around March 24, 2000.[3] *See* Plaintiff's First Amended Original Petition, at Exhibit 4 to Moving Defendants' Motion for Partial Summary Judgment (Docket Entry No. 18). Defendants moved to strike the visiting judge assigned to the action. When the visiting judge ruled that defendants' motion to remove him was untimely, two of the defendants filed a petition for writ of mandamus in the Fourteenth Court of Appeals and sought a stay of the state court case while the petition was being considered. *See In re Hourani*, 20 S.W.3d 819 (Tex.App.—Houston [14th Dist.] 2000, orig. proceeding). On April 4, 2000, the Court of Appeals issued an order staying all proceedings in the trial court pending a decision on the petition for writ of mandamus. On

May 31, 2000, the Court of Appeals issued its opinion in the case and dissolved the stay. *See In re Hourani*, 20 S.W.3d at 819, 826.

The Removing Defendants removed the case to this court on June 1, 2000, asserting federal question jurisdiction under 28 U.S.C. § 1441(a). *See* Notice of Removal (Docket Entry No. 1). VRG timely moved to remand on June 26, 2000, arguing that removal was untimely because it was not filed within thirty days of the March 2000 amended petition that first asserted a federal cause of action. *See* Plaintiff's Motion to Remand (Docket Entry No. 19). The Removing Defendants argue that the state court stay, in place from April 4 through May 31, 2000, tolled the time for removal during that period. The Removing Defendants argue that they removed the case the day after the state court stay was lifted, and well within the thirty-day removal period if the stay tolled the time for removal.

## II. *Analysis*

■ 28 U.S.C. § 1447(c) provides two grounds for remand: (1) a defect in removal procedure and (2) lack of subject matter jurisdiction. *See Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 116 S.Ct. 494, 497, 133 L.Ed.2d 461 (1995). When considering a motion to remand, the removing party bears the burden of showing that removal was proper. *See Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988), *appeal after remand*, 915 F.2d 965 (5th Cir.1990), *aff'd*, 503 U.S. 131, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992). Because removal jurisdiction "raises significant federalism concerns," *Willy*, 855 F.2d at 1164, courts must construe removal

---

Amended Original Petition, p. 5, at Exhibit 1–B to Defendants' Notice of Removal (Docket Entry No. 1).

**3.** Neither side provides a file-marked copy of the amended petition. However, the copy attached to the Removing Defendants' Motion for Summary Judgment (Docket Entry No. 18) contains a cover letter to the Harris County District Clerk from VRG's counsel indicat-

ing transmittal via hand delivery on March 24, 2000. *See* Letter from Michael J. Stanley to Charles Bacarisse (March 24, 2000), at Exhibit 4 to Defendants' Motion for Partial Summary Judgment (Docket Entry No. 18). The Removing Defendants state that they received the amended petition on March 27, 2000. *See* Defendants' Response to Plaintiff's Motion to Remand, p. 4 (Docket Entry No. 31).

statutes "narrowly, with doubts resolved in favor of remand to the state court." *Jefferson Parish Hosp. Dist. No. 2 v. Harvey*, 788 F.Supp. 282, 283–84 (E.D.La.1992). If there is any doubt that a right to removal exists, "ambiguities are to be construed against removal." *Samuel v. Langham*, 780 F.Supp. 424, 427 (N.D.Tex.1992).

The time for removal is governed by 28 U.S.C. § 1446(b), which provides:

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth a claim for relief upon which such action or proceeding is based....

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

VRG asserts two arguments in favor of remand. First, VRG argues that at various times before it filed an amended petition the Removing Defendants could have reasonably ascertained from other pleadings and papers that the case involved a federal question. *See* Plaintiff's Motion to Remand, p. 4 (Docket Entry No. 19). Second, VRG argues that even if its amended petition presented the first opportunity to remove, removal was not effected until more than sixty days after that pleading was filed. VRG argues that the state court stay may have prevented any action by the Removing Defendants in state court, but had no effect on any rights they had to act in federal court.

The Removing Defendants argue that the amended petition was the first time that VRG asserted, in a well-pleaded complaint, a federal cause of action. The Re-

moving Defendants argue that the state court stay prevented them from taking any action in the case, not just in the state court. They argue that they promptly filed for removal on the day after the stay was lifted and well within the time for removal if the stay tolled the time for removal. They argue that equity requires this court to deny the motion to remand and also that the subject matter jurisdiction of this court has been mandatorily invoked by proper removal.

## A. When did the time for removal begin to run?

■ VRG argues that pleadings and correspondence before the first amended petition was filed constituted "other paper[s]" stating that federal law was applicable to their claims. *See* 28 U.S.C. § 1446(b) (West 2000). The Removing Defendants argue that these other papers did not make the case removable because they did not assert a federal cause of action. They argue that the first amended petition was VRG's first notice of reliance on a federal statute for recovery.

■ The time for removal begins to run upon defendants' receipt of a pleading from which it may first be ascertained that the case is one which is or has become removable. *See* 28 U.S.C. § 1446(b) (West 2000). The existence of federal question jurisdiction makes an action removable. *See* 28 U.S.C. § 1331 (West 2000). A federal question arises if a substantial, disputed question of federal law is presented on the face of the well-pleaded complaint. *See Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908); *Carpenter v. Wichita Falls Indep. School District*, 44 F.3d 362, 366 (5th Cir. 1995). Because a plaintiff is the master of his complaint, he may defeat attempts at removal by alleging only state law claims. *See Carpenter*, 44 F.3d at 367, *citing Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987).

While VRG may have asserted that federal law was applicable to its claims, it did not allege any cause of action that arose under the Constitution or laws of the United States until its first amended petition. *Compare* Plaintiff's Original Petition, at Exhibit 1–A to Defendants' Notice of Removal (Docket Entry No. 1), *with* Plaintiff's First Amended Original Petition, at Exhibit 1–B to Defendants' Notice of Removal (Docket Entry No. 1). VRG quotes language from its October 29, 1999, response to a motion to compel in which VRG stated: "Of course, the present lawsuit also involves a transfer of a judgment from the RTC in its capacity as conservator and receiver for a failed bank. As such, federal law (FIRREA)[4] applicable to the FDIC and RTC applies." Plaintiff's Motion to Remand, at p. 4 (Docket Entry No. 19). However, the fact that federal law *is applicable* to VRG's claims is not the same as an assertion that their claim of right *arises under* federal law. *See Mottley*, 29 S.Ct. at 43.

The applicability of FIRREA's six-year statute of limitations to VRG's claims is a federal law response that VRG asserts to defendants' statute-of-limitations defense. As the Court explained in *Mottley*,

It is not enough that the plaintiff alleges some anticipated defense to his cause of action, and asserts that the defense is invalidated by some provision of the Constitution of the United States. Although such allegations show that very likely, in the course of the litigation, a question under the Constitution would arise, they do not show that the suit, that is, the plaintiff's original cause of action, arises under the Constitution.

29 S.Ct. at 43. The court concludes that this case first became removable when VRG filed its First Amended Petition alleging a cause of action under 28 U.S.C. § 3301 *et seq.* Accordingly, the time for removal began upon the Removing Defendants' receipt of the First Amended Original Petition on or around March 27, 2000. *See* Defendants' Response to Plaintiff's

Motion to Remand, p. 4 (Docket Entry No. 31).

## B. The Effect of the State Court Stay

█ The Removing Defendants argue that they could not remove the case during the pendency of the stay issued by the state appellate court. They argue that the state court stay therefore operated to toll the time for removal while it was in effect. VRG argues that the stay had no effect on actions outside of state court, such as removal to federal court, and therefore did not toll the time for removal.

Neither party cites binding precedent for its arguments. As noted above, however, the removing party bears the burden of showing that removal was proper. *See Willy*, 855 F.2d at 1164. The Removing Defendants rely on several cases holding that because an automatic stay in bankruptcy cases prevents removal of a suit filed during the stay, the thirty-day period for removal does not begin to run until relief is obtained from the bankruptcy stay. *See, e.g., Patterson v. International Broth. of Teamsters, Local 959*, 121 F.3d 1345, 1349 (9th Cir.1997), *cert. denied*, 523 U.S. 1106, 118 S.Ct. 1675, 140 L.Ed.2d 813 (1998). In *Patterson* the plaintiff filed suit in state court against Local 959 after the Local had filed a Chapter 11 bankruptcy petition. *Patterson*, 121 F.3d at 1348. The Local removed the suit almost six years after it was served with process, but less than thirty days after the bankruptcy court granted Patterson relief from the automatic stay so that his suit could go forward. *Id.* at 1349. The court held that if an automatic stay is in effect at the time a state court action is filed the time for removal does not begin to run until relief is obtained from the automatic stay. *Id.* at 1349, *citing Easley v. Pettibone Michigan Corp.*, 990 F.2d 905, 908–09 (6th Cir.1993). Operating under the assumption that an action commenced during the automatic stay is void or voidable, the courts cited by the Removing Defendants conclude that a

**4.** The Financial Institutions Reform, Recovery, and Enforcement Act, 12 U.S.C. § 1821.

suit filed during the stay does not really "commence" until the stay is lifted and, therefore, that the time for removal begins to run once the stay is lifted. *See Easley*, 990 F.2d at 908.

The cases cited by the Removing Defendants are distinguishable from the present situation in a number of ways. First, VRG's First Amended Petition was not filed during any stay; the stay was enacted at the behest of the Removing Defendants more than a week after VRG filed its First Amended Petition that evidenced the possibility of removal to federal court. Second, a bankruptcy stay is a creature of federal law that stays all action in any court, state or federal. *See* 11 U.S.C. § 362(a)(1) (West 2000).[5] The scope of the bankruptcy stay is broad because the purpose of the stay is to provide the bankrupt breathing room in which to reorganize, and that purpose is infringed if actions can be commenced in any court. *See Easley*, 990 F.2d at 910.

■■■ The state appellate court's stay, however, only stayed "all proceedings in trial court cause number 99–22894, styled *Value Recovery Group, Inc. v. Monzer Hourani, Individually and d/b/a Medistar, et al.*" *See* April 4, 2000, Order in *In re Hourani*, No. 14–00–00325–CV, Order (Tex.App.—Houston [14th Dist.]) (Exhibit 1 to Removing Defendants' Response to Plaintiff's Motion to Remand [Docket Entry No. 31]). The order operates only to stay "proceedings" in the state trial court action; it does not enjoin or prohibit *the parties* to the action from filing papers elsewhere. Although the Removing Defendants may have been precluded from taking action in the state trial court case, the state court's stay order did not bar defendants from removing the case to this court. Nor have the Removing Defendants presented any authority that an order of a state court can extend the time for removing a case to federal court. As a general rule, the time to remove may not be extended by an order of the state court extending related deadlines under state law. *See Sunbeam Corp. v. Brazin*, 138 F.Supp. 723 (E.D.Ky.1956).

■■■ The Removing Defendants also argue that the thirty-day period may be equitably tolled. *See* Defendants' Response to Plaintiff's Motion to Remand, pp. 5–6 (Docket Entry No. 31). However, the court concludes that even if equitable tolling of the removal period were proper in some cases, the Removing Defendants are not entitled to equitable tolling in this case.[6] The Removing Defendants waited to see how the state appellate court would rule on their petition for writ of mandamus and then removed to this court when the appellate court denied them relief. Litigants should be discouraged from forum shopping to avoid adverse rulings in the court in which an action was originally filed. *See Garber v. Sir Speedy, Inc.*, 930

---

5. The same is true of the FIRREA stay of up to 90 days that can be requested by the FDIC. 12 U.S.C. § 1821(d)(12)(A) (West 1999). Although the Removing Defendants cite *Lazuka v. Federal Deposit Ins. Corp.* for the proposition that a state court stay can toll the time for removal, *Lazuka* involves a federal statutory FIRREA stay that the FDIC requested from a state court. *Lazuka v. Federal Deposit Ins. Corp.*, 931 F.2d 1530, 1538 (11th Cir.1991), *superseded by statute on other grounds, FDIC v. S & I 85–1, Ltd.*, 22 F.3d 1070 (11th Cir. 1994). This is a federal statutory exception to the running of the time for removal. *See id.* Furthermore, the FDIC removes under a separate statute than the one at issue here. *See* 12 U.S.C. § 1819, *Lazuka*, 931 F.2d at 1536–38.

6. The Removing Defendants cite *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir.1986), for the proposition that untimely removal may be allowed for equitable reasons. *See* Defendants' Response to Plaintiff's Motion to Remand, p. 5 (Docket Entry No. 31). While the court does state in *Brown* that it "establish[es] no inexorable time limit [for removal]," the Fifth Circuit has yet to find circumstances that warrant equitable tolling. *See Brown*, 792 F.2d at 482; *Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir.1992) (also cited by Removing Defendants). Indeed, the court stated in *Brown* that "[t]o permit the defendants in this case to obtain removal after they have tested state-court waters for four years would give them a second opportunity to forum-shop and further delay the progress of the suit." *Brown*, 792 F.2d at 482.

F.Supp. 267, 271 (N.D.Tex.1995), *aff'd,* 91 F.3d 137 (5th Cir.1996). The court concludes that the Removing Defendants are not entitled to an extraordinary resort to equity in this case. The state courts have expended considerable effort in dealing with this action. Coupled with the federalism concerns inherent in removal jurisdiction, these considerations argue against any equitable basis for tolling limitations in this case.

### C. Jurisdiction Preventing Remand

The Removing Defendants argue in their response to VRG's motion to remand that independent diversity jurisdiction coupled with the fact that the Removing Defendants removed pursuant to 28 U.S.C. § 1441(a) prevents remand. *See* Removing Defendants' Response to Plaintiff's Motion to Remand, pp. 12–16 (Docket Entry No. 31). This argument is inapposite. 28 U.S.C. § 1447(c) encompasses a remand not only for lack of subject matter jurisdiction but also for technical defects in the removal. *See Things Remembered, Inc.,* 116 S.Ct. at 497. VRG's motion to remand argues that the Removing Defendants' removal was untimely under 28 U.S.C. § 1446(b). *See* Plaintiff's Motion to Remand (Docket Entry No. 19). The issue is not this court's subject matter jurisdiction but whether the Removing Defendants have lost their right to remove by failing to comply with § 1446(b). The court therefore finds it unnecessary to address the Removing Defendants' arguments that an independent source of jurisdiction prevents the court from remanding this action.

### III. *Conclusion and Order*

Because the Removing Defendants improperly removed this action, VRG's Motion to Remand (Docket Entry No. 19) is **GRANTED.** This action is **REMANDED** to the 165th Judicial District Court of Harris County, Texas, pursuant to 28 U.S.C. § 1447(c) because of a defect in removal procedure. The Clerk will promptly forward a copy of this Memorandum and Order to the District Clerk of Harris County, Texas.