**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-13965
Non-Argument Calendar
_____

DEUTSCHE BANK NATIONAL TRUST COMPANY,
as Trustee for home equity mortgage loan
asset-backed trust series inabs 2006-A,
home equity mortgage loan asset-backed
certificates series inabs 2006-A,

*Plaintiff-Appellee,*

*versus*

STEVEN CLAYTON THOMASON,

*Defendant-Appellant,*

SSGT. BRE THOMASON,
NORCISSE THOMASON,

*Interested Parties-Appellants.*

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:24-cv-00517-ECM-SMD

_____

Before NEWSOM, GRANT, and KIDD, Circuit Judges.

PER CURIAM:

Deutsche Bank National Trust Company is trying to eject Steven Clayton Thomason from a foreclosed property, so it initiated a lawsuit to do so in Alabama state court. Thomason, along with his two daughters, attempted to remove the case to the United States District Court for the Middle District of Alabama, but the district court remanded the case and ultimately sanctioned Thomason and his attorney for pursuing this action. Thomason now appeals,[1] challenging several of the district court's rulings. After careful review, we affirm in part and dismiss in part.

## I. BACKGROUND

In June 2023, Deutsche Bank sought declaratory judgment and an order ejecting Thomason from a foreclosed property in Montgomery, Alabama. During this state court case, one of

---

[1] Although the notice of appeal lists Thomason and his daughters as appellants, Bre and Norcisse Thomason never intervened as parties to this case and only Thomason signs his pro se briefs. To the extent that Thomason seeks to represent his daughters in this appeal, that is improper. *See Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997), *overruled in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). We thus refer to Thomason singularly as the appellant.

Thomason's daughters sought to intervene as a party and stay proceedings. After these requests were denied, Thomason removed the case to federal court in September 2023. However, Thomason's notice of removal was deemed untimely, and the case was remanded.

In August 2024, Thomason again tried to remove the state ejectment action to federal court. This second removal attempt provides the basis for the instant appeal. Thomason's pro se notice of removal, which also named his two daughters, asserted that the underlying suit was removable on three bases.

First, Thomason stated that removal was proper under the Financial Institution Reform, Recovery, and Enforcement Act ("FIRREA"), 12 U.S.C. § 1819, because he had filed a counterclaim against the Federal Deposit Insurance Corporation ("FDIC"), his loan was "owned by the FDIC," and his notice of removal was timely filed within 30 days of the assertion of this purported counterclaim. Second, Thomason contended that the underlying case implicated the civil rights removal statute, 28 U.S.C. § 1443, because Deutsche Bank's foreclosure deprived his daughter Norcisse, an African American woman, of her right to inherit property, in violation of 42 U.S.C. § 1981. Third, Thomason asserted that removal was proper under 28 U.S.C. §§ 1442 and 1442a, because his daughter Bre, who sought to intervene as a party in state court, was a member of the United States military. The notice of removal also included a section labeled "Counter Claim Complaint," which, among other things, named the FDIC and Deutsche Bank, argued

that the foreclosure was void, and asserted that the ejectment action was barred by the FIRREA's statute of limitations.

Deutsche Bank moved to remand the case to state court and requested an award of attorney fees, asserting that Thomason had no reasonable basis to seek removal. After Thomason responded to Deutsche Bank's motion, he moved for discovery and for the district court to set aside the foreclosure of the subject property, pursuant to Federal Rule of Civil Procedure 60, because it was obtained by "fraud, misrepresentation, and other misconduct . . . ."

Without addressing Thomason's motions, a magistrate judge issued a report and recommendation ("R&R") to grant Deutsche Bank's motion to remand and award it attorney fees. The magistrate judge began his R&R by explaining that "[t]his case ar[o]se[] from a long-standing, highly contentious legal battle between" Thomason and Deutsche Bank over the foreclosed property. Indeed, the magistrate judge noted that in Thomason's fifth federal lawsuit against Deutsche Bank, the district judge in that case deemed Thomason "a vexatious litigant" and enjoined him from filing further suits regarding the foreclosed Montgomery property. The magistrate judge found that the instant removal attempt violated this injunction, which provided grounds for "the complaint [to] be summarily remanded." Notwithstanding this determination, the magistrate judge alternatively concluded that removal was improper for several reasons.

First, the magistrate judge reasoned that Thomason's notice of removal was untimely because: (1) more than 30 days had passed

since Thomason was served with Deutsche Bank's complaint, (2) Deutsche Bank had not filed any new documents renewing the period for removal, and (3) the state court had not entered an order conferring jurisdiction on the federal court. Second, the magistrate judge found that removal was not proper based on Thomason's daughters' claims because they were not parties to the case, and, even if they were, their allegations did not satisfy the requirements of the cited removal statutes. Finally, the magistrate judge explained that it "[wa]s well settled that a counterclaim c[ould not] serve as [a] basis for removal," and the fact that Thomason's counterclaim was purportedly asserted against the FDIC was immaterial, as it was never asserted in state court and the FDIC had never appeared as a party in the case. Because he concluded that Thomason's attempted removal was not objectively reasonable, the magistrate judge found it appropriate to award Deutsche Bank attorney fees.

Later that month, K. David Sawyer entered an appearance as Thomason's counsel and filed objections to the R&R. Among other things, Attorney Sawyer argued that the FDIC was a party to the instant case because it was involved in related suits and the receiver of the subject property. Indeed, Attorney Sawyer submitted a notice of removal that the FDIC had filed "as Receiver [for] IndyMac Bank, F.S.B." in an April 2019 case in which Thomason sued several entities over the underlying foreclosure. In the R&R objections, Attorney Sawyer also asserted that Thomason's daughters were indispensable parties to the instant action because they jointly owned the subject property.

After Deutsche Bank filed a reply in support of the magistrate judge's findings, the district judge overruled Thomason's objections and adopted the R&R, thereby remanding the case to state court and awarding Deutsche Bank attorney fees. With respect to Thomason's FDIC arguments, the district judge noted that the FDIC had removed a separate case to federal court, Thomason failed to cite any authority explaining how this removal conferred federal jurisdiction in the instant case where the FDIC was never a party, and, even if he had provided supporting authority, Thomason's removal was still untimely and violated the filing injunction against him.

The next day, Attorney Sawyer moved for reconsideration on Thomason's behalf, arguing that the FDIC was a necessary party to the action as the receiver of the subject property and that jurisdiction was proper under 12 U.S.C. § 1819. The district court denied the motion that same day, finding that it lacked jurisdiction to consider it under 28 U.S.C. § 1447(d), because the case had been remanded to state court. Attorney Sawyer then filed a notice of appeal naming Thomason and his daughters as the appellants and designating the orders remanding the case and denying reconsideration as the rulings challenged on appeal. This notice of appeal generated the instant case.

While this appeal was pending with our Court, the district court sua sponte ordered Attorney Sawyer to show cause as to why he should not be sanctioned for filing R&R objections and a reconsideration motion that "lacked a legal or factual basis and

24-13965                Opinion of the Court                7

constituted a further violation of the [c]ourt's injunction" against Thomason. Before responding to this order, Attorney Sawyer noticed that he would not be appearing as counsel on appeal.

While this issue was pending, Deutsche Bank moved for sanctions against Thomason after he apparently attempted to remove the underlying ejectment action to federal court for a third time. In response to this motion, the district court issued an order further enjoining Thomason from pursuing further legal action in this matter and setting a hearing on the pending sanctions issues. Following the hearing in February 2025, the district court entered orders formally reprimanding both Thomason and Attorney Sawyer and imposing sanctions against Thomason for the attorney fees Deutsche Bank incurred as a result of the third removal attempt.

## II. STANDARD OF REVIEW

"Whether the district court had removal jurisdiction is a question we review de novo." *Henson v. Ciba-Geigy Corp.*, 261 F.3d 1065, 1068 (11th Cir. 2001), *aff'd sub nom. Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28 (2002); *see Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1193 (11th Cir. 2007).

Where a party fails to seek recusal of a district judge in the proceedings below, we review only for plain error. *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983).

We review issues of our subject matter jurisdiction sua sponte and de novo. *City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1036 (11th Cir. 2023).

### III. DISCUSSION

A. *The District Court Did Not Err in Remanding the Instant Case to State Court*

A state-court defendant may remove a claim to federal court "if the case could have been filed in federal court originally." *Hill v. BellSouth Telecomms., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004); *see* 28 U.S.C. § 1441(a). "[D]istrict courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

As he did below, Thomason maintains on appeal that the district court had removal jurisdiction over the instant case due to the FDIC's involvement in the action.[2] Thomason is correct that, under the terms of 12 U.S.C. § 1819(b)(2)(A) and (b)(2)(B), federal courts have subject matter jurisdiction over removed actions involving the FDIC pursuant to § 1331. *See Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 781 (11th Cir. 2005). However, there is no indication that the FDIC was ever, "in any capacity, a party" to Deutsche Bank's ejectment action against Thomason. 12 U.S.C. § 1819(b)(2)(A). While Thomason notes that the FDIC, as the property receiver, previously removed a case involving the subject

---

[2] Despite Deutsche Bank's arguments to the contrary, we have jurisdiction to review the instant remand order, because, even though these grounds were meritless, Thomason asserted §§ 1442 and 1443 as the bases for removal. *See* 28 U.S.C. § 1447(d); *BP P.L.C. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532, 1538 (2021).

property to federal court, that was an entirely separate proceeding that has no bearing on the instant action.

Thomason also relies on the counterclaim he purportedly asserted against the FDIC to argue that the ejectment action should have been treated as one arising under federal law. However, "[§] 1441(a) . . . does not permit removal based on counter-claims . . . , as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019). There is also no indication that Thomason ever filed a third-party claim against the FDIC in state court. And, even if his attempt to insert a counter-claim into his notice of removal was sufficient, or he had otherwise established the necessary elements to invoke federal jurisdiction, Thomason's removal still would have been untimely.

Generally, a defendant must file a notice of removal within 30 days of receiving the initial pleading or within 30 days of being served the summons, whichever period is shorter. 28 U.S.C. § 1446(b)(1). Here, Thomason filed his notice of removal more than a year after Deutsche Bank filed its complaint in state court. Thus, Thomason's notice of removal was untimely unless he filed it within 30 days of receiving "a copy of an amended pleading, mo-tion, order or other paper from which [he could] first . . . ascertain[] that the case [was] one which [was] or ha[d] become removable." *Id.* § 1446(b)(1), (3). Thomason has failed to identify any such doc-ument.

Instead, Thomason argues that removal was timely under the FIRREA because he filed his notice of removal within 90 days of asserting his claim against the FDIC. His reliance on this timeline is misplaced. Even if he had asserted a proper counterclaim against the FDIC, this 90-day period applies only if the FDIC is the removing party—not when a non-FDIC party seeks to remove a third-party claim against the FDIC. *See* 12 U.S.C. § 1819(b)(2)(B); *F.D.I.C. v. S & I 85-1, Ltd.*, 22 F.3d 1070, 1074 (11th Cir. 1994); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (explaining that "federal courts are directed to construe removal statutes strictly"). Thus, Thomason's purported counterclaim against the FDIC did not relieve him of his duty to comply with 28 U.S.C. § 1446's general timeliness requirements.

While Thomason appears to argue that the district court erred in failing to join the FDIC and his daughters as necessary parties before analyzing the propriety of his notice of removal and remanding the case, he identifies no law supporting this contention. Even assuming error, the joinder of these parties would not have rendered the notice of removal timely for the reasons outlined above. *See Equal Emp. Opportunity Comm'n v. STME, LLC*, 938 F.3d 1305, 1322 (11th Cir. 2019) (explaining that we will not reverse on the basis of harmless error); *see also* Fed. R. Civ. P. 61. And, given that federal jurisdiction did not exist, we cannot say that the district court erred in remanding the case before allowing discovery or resolving Thomason's Rule 60 motion alleging that Deutsche Bank's foreclosure was fraudulent.

Because the untimeliness of Thomason's notice of removal provides an independent basis to affirm the district court's remand order, we need not consider the validity or applicability of the court's filing injunction, nor must we address Thomason's appellate arguments on matters unrelated to removal, including his challenges to the validity of Deutsche Bank's foreclosure. We also need not address whether the district court correctly determined that it lacked jurisdiction to consider Thomason's reconsideration motion, as he abandoned any challenge to this determination by failing to prominently raise it in his initial brief. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014); *see also Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

As such, we affirm the district court's decision to remand Deutsche Bank's ejectment action against Thomason to state court.

B. *The District Judge Did Not Err by Failing to Recuse Herself*

Thomason contends that, although he did not ask the district judge to recuse herself below, she should have done so because she displayed "extrajudicial bias" with her "past statements from the [b]ench and affiliations with [her] former Law Partner Judge Brooke Reid suggesting favoritism toward [Deutsche Bank] by encouraging him to seek out Judge Reid in [s]tate [c]ourt."

Recusals of district court judges are governed by 28 U.S.C. §§ 144 and 455. "Section 144 provides for recusal when a party files a timely and technically correct affidavit and motion alleging the judge before whom the matter is pending is personally biased or

prejudiced against him or in favor of an adverse party." *Hamm*, 708 F.2d at 651; *see* 28 U.S.C. § 144. Section 455(a) provides that a judge "shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b) requires a judge to recuse herself in specified circumstances, including, for example, where the judge has a personal bias or prejudice concerning a party, served as a lawyer in the matter, or practiced law with a lawyer who served as a lawyer in the matter during their association. *See id.* § 455(b)(1)–(5).

Here, Thomason does not cite a specific code section to support his contention that recusal was proper. Because Thomason did not file an affidavit below alleging bias or prejudice from the district judge, § 455 provides the only plausible grounds for recusal. However, Thomason's conclusory assertions about the district judge's bias toward Deutsche Bank based upon her connections to a former law partner are insufficient to establish that any of the circumstances outlined in § 455(b) exist or show that "an objective, disinterested, lay observer fully informed of the facts . . . would entertain a significant doubt about the judge's impartiality" for recusal under § 455(a). *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004) (quoting *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003)).

Thomason has therefore failed to show any error, plain or otherwise, in the district judge's failure to sua sponte recuse herself from the instant case.

### C. *We Lack Jurisdiction To Review Thomason's Challenges to the District Court's Sanctions Orders*

Thomason also appears to assert that the district court abused its discretion by sanctioning both him and his counsel for pursuing removal and "refusing to look at the newly discovered evidence" and legal arguments presented by Attorney Sawyer. However, we lack jurisdiction to review the district court's sanctions orders for multiple reasons.

To begin, Thomason's "notice of appeal fail[ed] to make clear that [Attorney Sawyer] intend[ed] to participate as an appellant rather than as [his] attorney." *Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998); *see also* Fed. R. App. P. 3(c)(1)(A) (A notice of appeal must "specify the party or parties taking the appeal by naming each one in the caption or body of the notice . . . ."). We also "generally have jurisdiction to review only those judgments, orders, or portions thereof the appellant's notice of appeal designates." *Nichols v. Ala. State Bar*, 815 F.3d 726, 730 (11th Cir. 2016) (citation modified). Here, Thomason's counseled notice of appeal designated only the district court's orders remanding his case and denying his reconsideration motion as the rulings challenged. *See* Fed. R. App. P. 3(c)(1)(B) (A notice of appeal must "designate the judgment—or the appealable order—from which the appeal is taken[.]").

Additionally, the challenged sanctions orders were entered on February 19, 2025, over two months after Thomason filed his notice of appeal on December 4, 2024. *See Bogle*, 162 F.3d at 661

("[E]ven if it were clear that counsel intended to participate as an additional appellant, the notice of appeal in this case does not confer jurisdiction over a sanctions order that was entered almost two months after the notice of appeal was filed."); *McDougald v. Jenson*, 786 F.2d 1465, 1474 (11th Cir. 1986) ("[W]e cannot find the [appellant] to have intended her notice of appeal to constitute an appeal from the order of permanent injunction, as that order had not yet been entered when her notice of appeal was filed."); *see also* Fed. R. App. P. 4(a)(1).

As such, to the extent that Thomason challenges the district court's February 19, 2025, orders sanctioning him and his previous counsel, we dismiss these claims for lack of jurisdiction.

## IV. CONCLUSION

For the reasons stated above, we **AFFIRM** in part and **DISMISS** in part for lack of jurisdiction.[3]

---

[3] Deutsche Bank requests an award of the fees and costs incurred from responding to Thomason's appeal. Because Deutsche Bank made this request in its response brief rather than a "separately filed motion," we decline to consider whether sanctions are appropriate. Fed. R. App. P. 38; *see* 11th Cir. R. 38-1; 11th Cir. R. 38, IOP.

Thomason has also filed several motions with our Court. Thomason's motion to recuse Judge Brasher from this appeal is DENIED AS MOOT. To the extent his "Formal Complaint and Notice of Property Reclamation" seeks any relief from our Court, it is DENIED. Thomason's motion entitled "Emergency Stay Federal Rule of Appellate Procedure 8(a)(2) and respectfully requests an emergency stay of all state court proceedings and enforcement actions" is also DENIED. Thomason's motion to supplement the record is DENIED.